UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DORA D. ARCHER,                                      Case No.: 1:17-cv-00845
      PLAINTIFF,                               Hon.  Janet T. Neff

-vs-

MICHELLE HOOD, in her individual and official capacity,
REBECCA KOPF, in her individual and official capacity,
LORRI RIDENOUR, in her individual and official capacity,
 and the CITY OF LANSING, a Municipal Corporation,
      DEFENDANTS,

---

| | |
|---|---|
| Edwar A. Zeineh (P-71923) | James D. Smiertka  (P-20608) |
| David W. Meyers (P-69034) | F. Joseph Abood  (P-42307) |
| Law Office of Edward A. Zeineh, PLLC | Brandon Waddell (P-81494) |
| *Attorneys for Plaintiff* | Nicholas Tate (P-81767) |
| 2800 E. Grand River Ave., Suite B | *Attorneys for Defendants* |
| Lansing, MI 48912 | 124 W. Michigan Ave. |
| Office: (517)292-7000 | Lansing, MI 48933 |
| zeinehlaw@gmail.com | Office: (517)583-4320 |
| davidmeyerslaw@gmail.com | |

_____/

## RULE 16 JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for December 6, 2017 at 2:00 p.m. before the Honorable Janet T. Neff.  Appearing for the parties as counsel will be:

    Edwar A. Zeineh on behalf of the Plaintiff; and

    F. Joseph Abood on behalf of the Defendants

1.   **Jurisdiction**: The basis for the Court's jurisdiction is 28 USC §§ 1331, 1343 and 1367.  There are no objections to this Court's jurisdiction.

2.   **Jury or non-jury**: The case is to be tried before a jury.

3.   **Judicial Availability**: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. **Statement of the Case**: This is an action brought by Plaintiff against the City of Lansing and its officers, Michelle Hood, Lori Ridenour and Rebecca Kopf with the following causes of action:

   a. 42 USC 1983 against individual officer Hood – violation of Fourth & Fourteenth Amendment right to be free from false arrest;

   b. 42 USC 1983 against the individual officers – violation of Fourth & Fourteenth Amendment right to be free from unlawful imprisonment;

   c. 42 USC 1983 against individual officer Hood – violation of Fourth and Fourteenth Amendment right to be free from unlawful entry;

   d. 42 USC 1983 against the individual officers – violation of Fourth & Fourteenth Amendment right to be free from unreasonable search;

   e. 42 USC 1983 against the individual officers – violation of Fourteenth Amendment right to bodily integrity;

   f. 42 USC 1983 against the Defendant City of Lansing- *Monell* liability for violation of Fourth & Fourteenth Amendment right to be free from false arrest stemming from policy, custom pattern practice of acquiescence in the constitutional rights violations committed by its officers through negligent hiring, failure to investigate, failure to discipline and/or failure to train;

   g. 42 USC 1983 against the Defendant City of Lansing- *Monell* liability for violation of Fourth & Fourteenth Amendment right to be free from unlawful imprisonment stemming from policy, custom pattern practice of acquiescence in the constitutional rights violations committed by its officers through negligent hiring, failure to investigate, failure to discipline and/or failure to train;

   h. 42 USC 1983 against the Defendant City of Lansing- *Monell* liability for violation of Fourth & Fourteenth amendment right to be free from unlawful search stemming from policy, custom pattern practice of acquiescence in the constitutional rights violations committed by its officers through negligent hiring, failure to investigate, failure to discipline and/or failure to train;

   i. 42 USC 1983 against the Defendant City of Lansing- *Monell* liability for violation of Fourteenth Amendment right to bodily integrity stemming from policy, custom pattern practice of acquiescence in the constitutional rights violations committed by its officers through negligent hiring, failure to investigate, failure to discipline and/or failure to train;

   j. State Law Claim against individual officers – Violation of MCL § 764.25a, Unlawful Strip Search;

  k. State Law Claim against individual officers – Assault and Battery;

  l. State Law Claim against individual officers – Intentional Infliction of Emotional Distress

**Principal Factual and Legal Issues**:

Areas of Dispute:

  a. Whether facts concerning Plaintiff's conduct supporting the arrest, search and seizure of Plaintiff provided a legally sufficient basis for Defendants' actions;

  b. whether a custom, policy, pattern or practice of the City of Lansing contributed to the misconduct of the Defendants;

  c. whether the Defendants have immunity from this complaint;

  d. whether Plaintiff's actions relevant hereto bar her claims;

  e. whether the Plaintiff sustained damages.

Areas of Concurrence:

  a. The reviewing prosecutor denied the charges that were requested by Lansing Police Department as to the Plaintiff stemming from any actions relevant hereto;

  b. The factual accuracy of all actions recorded on Lansing Police Department videos relevant to this action;

  c. That Plaintiff was arrested by Defendant Hood, searched by the individual Defendants, booked and held at the Lansing Police Department;

  d. That Defendant Hood submitted the her report on Plaintiff to Child Protective Services;

5. **Prospects for Settlement:**

  Plaintiff remains open to settlement negotiations, however, at this time no offers of settlement have been made. Defendants have given no indication at this time that settlement will occur.

6. **Pendent State Claims**:
  a. State Law Claim against individual officers – Violation of MCL § 764.25a, Unlawful Strip Search;

      b. State Law Claim against individual officers – Assault and Battery;

      c. State Law Claim against individual officers – Intentional Infliction of Emotional Distress.

7. **Joinder of Parties and Amendment of Pleadings**: The parties do not expect any motions for joinder of parties to this action. Parties shall file motions to amend the pleadings by December 29, 2017 or as allowed by the Court's discretion.

8. **Disclosures and Exchanges**:
   a. Fed. R. Civ. P. 26(a) shall be made by **January 10, 2018.**

   b. The Plaintiff expects to be able to furnish the names of Plaintiff's expert witness(es) by January 31, 2018. Defendants expect to be able to furnish the names of Defendants' expert witness(es) by February 15, 2018.

   c. It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule:
   Plaintiff expert reports: **March 1, 2018**
   Defendants' expert reports: **March 1, 2018**

   d. The parties have agreed to make available the following documents without the need of a formal request for production:

   **PLAINTIFF**:
   a. All audio/video recordings from Lansing Police Department relating to the investigation, arrest, search and holding of Plaintiff;
   b. Police Reports in possession of the Plaintiff;
   c. 911 Calls relating to this case;
   d. CAD Reports from Lansing Police Department

   **DEFENDANT:**
   a. All audio/video recordings from Lansing Police Department relating to the investigation, arrest, search and holding of Plaintiff;
   b. Police Reports in possession of the Defendant.

9. **Discovery**: The parties believe that all discovery proceedings can be completed by **April 30, 2018**. The parties agree that the Court's presumptive limitations should apply, subject to reasonable request to modify. The parties agree that a protective order shall be entered as to the production of police policies and/or police personnel files that would not otherwise be discoverable by a Freedom of Information Request**.**

10. **Disclosure or Discovery of Electronically Stored Information**: The parties do not anticipate any issues concerning electronically stored information.

11. **Assertion of Claims of Privilege or Work-Product Immunity after Production**: The parties intend to enter into a Protective Order which will provide for a means to address inadvertently produced materials during discovery which are subject to privilege or work product immunity.

12. **Motions**: The parties acknowledge that a pre-motion conference is required before filing any dispositive motion, and no motion papers shall be filed until the motion has been fully briefed. The parties acknowledge that W.D. Mich. L. Civ. R. 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d).

    The following dispositive motions are contemplated by each party:

    PLAINTIFF:           None
    DEFENDANT:           Motion for Summary Judgment

    The parties anticipate that all pre-motion conference requests will be filed by **May 31, 2018**.

13. **Alternative Dispute Resolution**: In the interest of conserving judicial resources, the parties acknowledge that this Court will require the parties to participate in some form of Alternative Dispute Resolution. See Judge Neff's Information and Guidelines for Civil Practice, located on this Court's website, www.miwd.uscourts.gov.

    The parties remain open to Alternative Dispute Resolution. Plaintiffs would request voluntary facilitative mediation as soon as possible. Defendants would prefer voluntary facilitative mediation.

14. **Length of Trial**: Counsel estimates the trial will last approximately **4** days total, allocated as follows: 2 days for Plaintiff's case, **2** days for Defendants' case, 0 days for other parties.

15. **Electronic Document Filing System**: Counsel are aware that Local Civil Rule 5.7(a) requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must file documents electronically but serve *pro se* parties with paper documents in the traditional manner.

16. **Other**: No special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to this case.

                                        Respectfully submitted,

Dated: November 22, 2017            /s/      Edwar A. Zeineh

/s/ David W. Meyers
Edwar A. Zeineh (P-71923)
David W. Meyers (P-69034)
Law Office of Edwar A. Zeineh, PLLC
Attorneys for the Plaintiff
2800 E. Grand River Ave, Ste B
Lansing, MI 48912-4336
Main (517)292-7000
zeinehlaw@gmail.com
davidmeyerslaw@gmail.com

Dated: November 22, 2017

/s/ Brandon W. Waddell
James D. Smiertka (P-20608)
F. Joseph Abood (P-42307)
Brandon Waddell (P-81494)
Nicholas Tate (P-81767)
Attorneys for Defendants
124 W. Michigan Ave.
Lansing, MI 48933
Office: (517)583-4320